**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0660n.06

**No. 11-5243**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED
Jun 21, 2012
LEONARD GREEN, Clerk**

| | | |
|---|---|---|
| ANGELA McDONALD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | DECISION OF THE UNITED |
| | ) | STATES DISTRICT COURT |
| NYK LOGISTICS (AMERICAS), INC. and | ) | FOR THE WESTERN |
| NYK LOGISTICS (AMERICAS), INC. | ) | DISTRICT OF TENNESSEE |
| ETA DIVISION, | ) | |
| | ) | |
| Defendants-Appellees. | | |

BEFORE: BOGGS and GRIFFIN, Circuit Judges; and BARZILAY, Judge.[*]

JUDITH M. BARZILAY, Senior Judge.

Angela McDonald appeals the district court's decision denying her claim of retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Title VII prohibits discrimination in employment on the basis of "race, color, religion, sex, or national origin." § 2000e-2(a)(1). It also prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." § 2000e-3(a). The district court held that McDonald failed to satisfy the requirements

---

[*]The Honorable Judith M. Barzilay, Senior Judge, United States Court of International Trade, sitting by designation.

for Title VII protection under both the participation clause and opposition clause of 42 U.S.C. § 2000e-3(a). *See McDonald v. NYK Logistics (Americas), Inc.*, No. 09-cv-02264, 2011 WL 197578 (W.D. Tenn. Jan. 19, 2011). We affirm.

Angela McDonald (a white woman) is a former employee of NYK Logistics (Americas), Inc. ("NLA"), a company that provides third-party logistics services, including transportation, warehousing and distribution, freight forwarding, and international network solutions. She worked for the company from September 2005 until September 2007 as a member of the Documentation Team and, after her promotion, as the Team Leader. NLA ultimately terminated McDonald for several incidents involving alleged misconduct and mishandling of company files. The majority of McDonald's supervisors and co-workers at NLA were both female and white.

The dispute in this case arose when Angela McDonald did not receive, as she had expected, a pay raise that was agreed upon as part of her promotion. McDonald complained to the Human Resources Department and other officers at the company about the status of her raise. In one conversation with a company officer, McDonald threatened to go to the "EEO" if she did not receive her raise. McDonald did in fact visit the Equal Employment Opportunity Commission ("EEOC") after making the threat but there is no evidence that NLA knew about McDonald's actual visit to the agency. The fact that NLA lacked knowledge of McDonald's visit defeats her claim under the participation clause.

The only mention of discrimination in this case appears in a declaration by McDonald in which she alleges that "[d]uring the course of [NLA's] delay and lack of accountability concerning

their promise to me in regards to my pay raise I felt that I was disrespected at least in part because of my sex, and I had a genuine belief that their actions in failing to provide my raise for approximately seven months after my assumption of additional workload was an unlawful business practice." *McDonald*, 2011 WL 197578, at *2 n.2. Other than this broad allegation of discrimination, partially on the basis of gender, there is no evidence suggesting that McDonald had opposed conduct covered by Title VII. Rather, the record indicates that McDonald was challenging NLA's failure to implement her pay raise and threatened to go to the EEOC as a means of inducing NLA to grant her raise. This is not the type of conduct that is protected under the opposition clause.

McDonald nevertheless claims that she was the victim of unlawful retaliation forbidden by Title VII. After filing a claim with the EEOC, which was denied, McDonald filed suit in the United States District Court for the Western District of Tennessee. Defendants moved for summary judgment. The district court granted their motion on the grounds that McDonald failed to establish a *prima facie* case of retaliation under the statute.

After carefully considering the record, the briefs of the parties, and the applicable law, we agree with the judgment of the district court. Because the reasoning and ultimate disposition of McDonald's claims have been clearly articulated by the district court in a thorough and comprehensive opinion, the issuance of a detailed written opinion by this court would be unduly duplicative.

Accordingly, the judgment rendered by the Honorable S. Thomas Anderson, United States District Judge for the Western District of Tennessee, is affirmed on the basis of the reasoning detailed in his Opinion and Order dated January 19, 2011.